IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
TERRY DUKE,                    )
                               )
               Petitioner,     )
                               )
     v.                        )    No.  06 C 6650
                               )
TIMOTHY BUDZ,                  )
                               )
               Respondent.     )
```

## MEMORANDUM ORDER

Acting through counsel J. Nicholas Albukerk, petitioner Terry Duke ("Duke") has just tendered what his counsel characterizes as a 28 U.S.C. §2241[1] Petition for Writ of Habeas Corpus ("Petition"), challenging his current confinement under the Illinois Sexually Violent Persons Commitment Act ("Act," 725 ILCS 207). Without now addressing the question whether the Petition indeed qualifies under the common law version of the Great Writ as codified in Section 2241 or is instead more properly advanced under Section 2254, this Court will in any event pursue the procedures prescribed by the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules").[2]

At the outset this memorandum order draws attorney

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] Section 2254 Rule 1(b) authorizes district courts to apply those rules to any habeas corpus petition (thus including Section 2241 petitions).

Albukerk's attention to Duke's nonpayment of the filing fee, as to which the Petition has been accompanied by an In Forma Pauperis Application ("Application") signed by Albukerk on Duke's behalf. It is apparent that Albukerk is unaware that the filing fee for a habeas petition is the modest sum of $5 rather than the standard filing fee in civil cases (now $350), so Duke is ordered to pay that filing fee on or before December 15, 2006.

That however is a detail, strongly overshadowed by the question of the Petition's timeliness or untimeliness, as to which more information must be forthcoming from Duke through his counsel. In that respect Section 2244(d) establishes a one-year limitation period for any habeas petition, and in this instance the accompanying Memorandum in Support of Petition ("Memorandum" or "Mem.") at 4 refers to the Illinois Supreme Court's denial of leave to appeal from an adverse decision by the Illinois Appellate Court on December 1, 2005. Because the current Petition was not filed until the one-year anniversary of <u>that</u> date--December 1, 2006--Duke must establish that the one-year limitation period that would seem to have expired well before December 1, 2005 pursuant to Section 2244(d)(1) was completely tolled by "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending"--the provision of Section 2244(d)(2).

Here the skeletal information as to dates contained in the Memorandum does not permit an informed evaluation of that issue. From Mem. 3 it appears that if Duke's federal constitutional rights were indeed violated as he claims (a matter on which this Court expresses no view at this point), that took place on December 16, 2002 when a judge in a nisi prius state court denied Duke's motions to dismiss for lack of jurisdiction and ordered him detained pursuant to the Act. That being the case, more detailed information is essential as to the timing of Duke's efforts to obtain appellate relief from that ruling--both the specific dates (not merely the years) when those efforts were undertaken and the information as to the claimed timeliness of each such effort.

Accordingly Duke's counsel is ordered to file an appropriate supplement to the Petition providing all such information on or before December 18, 2006. If any of those proceedings at the appellate level resulted in opinions or unpublished orders, copies of those must be supplied as well. This Court will then determine what further proceedings may be required in accordance with the Section 2254 Rules and Section 2244.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 6, 2006