IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

TERRY DUKE,                      )
                                 )
          Petitioner,             )
                                 )
     v.                          )    No.  06 C 6650
                                 )
TIMOTHY BUDZ,                    )
                                 )
          Respondent.             )

                    MEMORANDUM ORDER

In response to this Court's December 6, 2006 memorandum order ("Order"), counsel for federal habeas petitioner Terry Duke ("Duke") has filed an Amended Supplement to Memorandum in Support of Petition for Writ of Habeas Corpus.[1] Counsel's convoluted explanation appears to leave open a serious question as to the Petition's timeliness--to choose only one example, the Illinois Appellate Court's September 29, 2003 order in its Case No. 1-02-3885 dismissed Duke's attempted interlocutory appeal as outside of the Appellate Court's jurisdiction--in that respect, see such cases as <u>Pace v. DiGugliemo</u>, 544 U.S. 408 (2005), narrowly construing the term "properly filed" within the meaning of the tolling provision of 28 U.S.C. §2244(d)(2).[2]

---

[1] That filing begins by referring to "the Honorable Milt Shadur's order." It's nice to know that Duke's counsel seems to regard this Court as a personal friend, but the Illinois Attorney General's Office should have no qualms in that respect in responding to Duke's Petition--this Court never heard of counsel J. Nicolas Albukerk before this case was filed.

[2] All further references to Title 28's provisions will simply take the form "Section--."

But this Court will not itself seek to explore the maze of Duke's travels through the state court system.[3] Instead the Illinois Attorney General's Office is ordered, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, to file a response to the Petition. Because any determination that the Petition is indeed untimely would obviate the need for addressing its merits, that initial response shall focus only on the subject of limitations under Section 2244(d). And because that poses only a question of law that should require no inquiry into the factual predicate for the Petition, the response is ordered to be filed on or before January 4, 2007.

_____
Milton I. Shadur
Senior United States District Judge

Date:   December 19, 2006

---

[3] It should be remembered that if even a single day was <u>not</u> tolled before December 1, 2005, the date on which Duke's most recent effort to seek leave to appeal to the Illinois Supreme Court was denied, that will render the current Petition untimely.

2