IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TERRY DUKE,                      )
                                 )
                Petitioner,      )
                                 )
        v.                       )    No. 06 C 6650
                                 )
THOMAS MONAHAN, Facility         )
Director,[1]                     )
                                 )
                Respondent.      )

## MEMORANDUM OPINION AND ORDER

Terry Duke ("Duke") seeks to invoke federal jurisdiction to obtain habeas relief, even though he has never had a state court determination as to whether he should be classified as a sexually violent person pursuant to the Illinois Sexually Violent Prisons Commitment Act ("Act," 725 ILCS 207/1 to 207/99). As the extensive Answer filed by the Illinois Attorney General's Office demonstrates, Duke's Petition must be dismissed because "it plainly appears from the petition and...exhibits [now before this Court[2]] that the petitioner is not entitled to relief in the

---

[1] Because petitioner Terry Duke has since been transferred to the Illinois Department of Human Services Rushville Treatment Facility, its Director Thomas Monahan has become the proper party respondent--see Fed. R. Civ. P. 25(d)(1) and Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"). This Court accordingly orders him substituted for original respondent Timothy Budz in accordance with those provisions.

[2] Attached to this opinion are pages 2-9 of the Answer, which set out the procedures under the Act and the extensive interlocutory proceedings initiated and pursued by Duke that have prevented those proceedings from going forward and have therefore kept Duke in pretrial detention without any adjudication for

district court" (Section 2254 Rule 4) without the need for any evidentiary hearing (see Section 2254 Rule 8(a)). There are at least two independent grounds for such dismissal.

First, the principles underlying the abstention doctrine announced by <u>Younger v. Harris</u>, 401 U.S. 37 (1971) and since extended well beyond its original scope (which involved only the refusal to enjoin an ongoing criminal prosecution) plainly call for the federal courts' noninvolvement where a state court's civil commitment proceeding is still pending (see, e.g., <u>Neville v. Cavanagh</u>, 611 F.2d 673, 675-76 (7th Cir. 1979), expressly followed in <u>In re Justices of Superior Court Dep't of Mass.</u>, 218 F.3d 11, 17-19 (1st Cir. 2000)). Importantly in that respect, Duke will have every opportunity in the state court litigation under the Act to raise any constitutional claim that he would hope to advance in federal habeas proceedings (see, e.g., <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982)).

Second and relatedly, Duke has unquestionably not exhausted his claims, as required by Section 2254(b)(1)(A), during the four-plus years that he has delayed his trial under the Act by filing interlocutory appeals. Moreover, the nature of those procedurally irregular appeals has meant that no state reviewing

---

nearly five years. Exhibits attached to the Answer, which reflect all of those proceedings, may of course be considered by this Court in evaluating the Petition.

court has had the opportunity to address the merits of Duke's federal habeas claims. That alone also calls for the Petition's dismissal under such cases as Coleman v. Thompson, 501 U.S. 722, 731 (1991) and O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

As already indicated, either of those grounds considered separately requires dismissal of the current Petition. Together they mean that the Petition is doubly doomed. And that makes it unnecessary to address a third and alternative ground of procedural default, which has been dealt with in extensive detail at Answer 17-24.

As stated at the outset of this opinion, then, Duke's Petition must be and is dismissed. From the vantage point of this Court as an outsider looking in, it is particularly troubling to see Duke continuing to delay a merits determination under the Act that might later enable him to mount whatever substantive challenges he may have.

                                          */s/ Milton I. Shadur*
                                    Milton I. Shadur
                                    Senior United States District Judge

Date: March 14, 2007

2.     As explained in respondent's response dated February 2, 2007, (Doc. 15), the State of Illinois filed a petition in the Circuit Court of Cook County to commit petitioner pursuant to the Sexually Violent Persons Commitment Act, (SVP Act), 725 ILCS 207/1, *et seq.* (2002). (Doc. 16, Exh. B at C6-51). The petition was filed on or about June 26, 2002. (Doc. 16, Exh. A at 1). The state trial court found probable cause that petitioner was a sexually violent person (SVP) under Illinois law, and ordered him detained awaiting formal trial. (Doc. 16, Exh. B at C2). In state court, petitioner has filed numerous pleadings seeking to dismiss the commitment petition and the trial court's detention order, and has appealed the denial of these pleadings. (Doc. 15 at 3-5). Because of petitioner's voluminous litigation, he is still awaiting trial under the SVP Act.

3.     The Illinois procedures under the SVP Act are as follows. The case is initiated when the State submits a petition to the appropriate circuit court alleging that the SVP respondent (1) has either been convicted, found delinquent, or found not guilty by reason of insanity of a sexually violent offense, (2) has a mental disorder, and (3) because of the disorder, is likely to commit more sexually violent acts. *See* 725 ILCS 207/15(a)-(b). The circuit court reviews the petition and determines whether there is "cause to believe that the person is eligible for commitment . . . ." *See* 725 ILCS 207/30(a). If the court finds that the SVP respondent is eligible, it issues a detention order for that person. *Id.* Then a formal probable cause hearing is held where the State presents evidence demonstrating why it believes the SVP respondent is a sexually violent person, and the SVP

2

respondent is able to cross-examine the State's witnesses and present its own rebuttal evidence. *See* 725 ILCS 207/30(b)-(c). If the circuit court finds probable cause, the case proceeds to a trial. *See* 725 ILCS 207/30(b)-(c); 725 ILCS 207/30. At trial, the SVP respondent has the right to a jury if he or she so wishes, 725 ILCS 207/30(c), and the state must prove the allegations contained in the petition beyond a reasonable doubt. *See* 725 ILCS 207/35(d). If an SVP respondent is found to be an SVP beyond a reasonable doubt, a dispositional hearing occurs where the trial court determines whether to commit the SVP to a "secure facility" or to place him or her on "conditional release." *See* 725 ILCS 207/40(a)-(b). An SVP is then reexamined at least once every 12 months after his or her commitment to determine whether they have made "sufficient progress to be conditionally released or discharged." 725 ILCS 207/55. An SVP can also file a post-trial "petition for conditional release" or a "petition for discharge" asserting that they are fit to be conditionally released or discharged, respectively. 725 ILCS 207/60; 725 ILCS 207/65. In petitioner's case, petitioner was ordered detained, the trial court found probable cause that he was an SVP after conducting a hearing, and he is awaiting formal trial.

4. Petitioner's initial filings in the state trial court included multiple motions to dismiss, which argued, in sum, that the trial court lacked jurisdiction because: (a) the trial court failed to conduct a preliminary hearing within 72 hours or a week of the filing of the commitment petition, as required by the SVP Act, (Doc. 16, Exh. B at C-58); (b) petitioner was served with the commitment petition by an

employee of the Attorney General's Office, not by a sheriff, sheriff's employee, or appointed private person, as required by Illinois law, (*Id.* at C-60); (c) the commitment petition was filed without a certification or verification of the facts, as required by Illinois civil procedure, (*Id.* at C-66-69); (d) the trial court failed to find cause that petitioner was eligible for commitment beyond a reasonable doubt, (*Id.* at C-72, C-84); and (e) the commitment petition failed to allege that petitioner has a mental disorder. (*Id.* at C-72, C-85-87). The trial court denied all of petitioner's motions on December 16, 2002. (Doc. 16, Exh. A at 3).

    5.    Petitioner then filed an interlocutory appeal to the Illinois Appellate Court, First District, arguing that

    (1)    petitioner was not served with a summons, and thus the trial court lacked jurisdiction;

    (2)    the trial court failed to find that petitioner was eligible for commitment beyond a reasonable doubt before ordering petitioner detained;

    (3)    the State failed to base the factual assertions in the commitment petition on verified facts or sworn testimony;

    (4)    the State failed to provide proof in its commitment petition that petitioner has a mental disorder;

    (5)    the State improperly served petitioner with the commitment petition;

    (6)    petitioner did not receive a timely probable cause hearing under the SVP Act;

    (7)    the SVP Act is unconstitutional because it does not require a finding that petitioner cannot control his behavior; and

    (8)    the State failed to satisfy its burden of proof at the probable cause hearing on its commitment petition.

4

(Exh. P, Terry Duke's Interlocutory Brief to the Appellate Court for the First District in *Duke v. State of Illinois*, No. 1-02-3885 at 2-7, 14-36). The state appellate court ruled that it did not need full briefing of the case, (Exh. Q, Order in *Duke v. State of Illinois*, 1-02-3885 (Ill.App. 1st Dist. June 4, 2003)), and dismissed the appeal, finding that it lacked jurisdiction to hear the case. (Doc. 16, Exh. D at 5-7).

6. Petitioner filed a petition for leave to appeal (PLA) in the Illinois Supreme Court from the state appellate court's dismissal order, arguing that: (a) the appellate court erred in dismissing the appeal; and (b) due process demands that he be allowed to file an interlocutory appeal in this case because he would waive his right to contest jurisdiction by proceeding. (Doc. 16, Exh. E at 3, 7-14). The Illinois Supreme Court denied the PLA on January 28, 2004. (Doc. 16, Exh. F).

7. Petitioner also moved to file a separate interlocutory appeal raising the following issues:

 (a) the service of the commitment petition violated Illinois civil procedure because

  (1) it was not accompanied by a summons, and

  (2) an improper party served petitioner with a summons and a copy of the petition after he was ordered detained;

 (b) the trial court violated the SVP Act by

  (1) not holding a probable cause hearing within 10 days after the filing of the commitment petition, and

  (2) not making the proper factual find prior to ordering petitioner detained; and

5

    (c)    petitioner's due process rights were violated because

        (1)    the facts in the commitment petition were not sworn or verified, and

        (2)    the petition contained no facts that petitioner currently had a mental disorder and that this disorder impaired his ability to control his behavior.

(Exh. R, Rule 306(a)(3) Petition for Leave to Appeal in *Duke v. State of Illinois*, 1-03-0147 at 3-4, 10-28). The Illinois Appellate Court, First District denied petitioner's request to pursue interlocutory relief. (Doc. 16, Exh G).

8.    Petitioner then filed a PLA from this decision, arguing that he should be allowed to appeal under Illinois Supreme Court Rule 306(a)(3) because:

    (a)    the State's commitment petition failed to comply with Illinois civil procedure because

        (1)    service of summons was done by an unauthorized person;

        (2)    the State served petitioner only after the trial court ordered him detained;

        (3)    the commitment petition was not sworn or verified; and

        (4)    the commitment petition did not allege that petitioner has a mental disorder.

(Doc. 16, Exh. H at 7-18). The Illinois Supreme Court denied this PLA, and the United States Supreme Court denied petitioner's subsequent petition for a writ of certiorari. (Doc. 16, Exhs. I & J).

9.    Petitioner then filed a petition for relief from judgment under 735 ILCS 5/2-1401, *et seq.*, in the Circuit Court of Cook County, alleging that:

   (a)   the initial order detaining petitioner was void because the trial court lacked personal jurisdiction over him where the State failed to serve him with a summons before the probable cause hearing, and

   (b)   the trial court's order finding probable cause is void because the probable cause hearing was not held within the required time frame.

(Exh. S, Amended Petition for Relief from Judgment in *In re the Detention of Terry Duke*, 02 MR 80003).

   10.   The state trial court dismissed the petition for relief from judgment, (Doc. 16, Exh. K), and petitioner appealed, arguing that:

   (a)   the trial court erred by dismissing the petition for relief from judgment;

   (b)   the trial court lacked jurisdiction over petitioner because he was not properly served with a summons; and

   (c)   the trial court's order detaining petitioner and finding probable cause that he is an SVP was void where the probable cause hearing was not conducted within the appropriate time frame.

(Exh. T, Brief of Respondent-Appellant Terry Duke in *In re the Detention of Terry Duke*, 1-04-1426 at 6-14). The state appellate court affirmed, finding that petitioner could not attack the detention order and the finding of probable cause via a petition for relief from judgment because those orders were not "final." (Doc. 16, Exh. L at 4-6); see 735 ILCS 5/2-1401(a) ("[r]elief from final orders and judgments . . . may be had upon petition as provided in this Section").

   11.   Petitioner filed a PLA in the Illinois Supreme Court alleging that:

   (a)   the appellate court erred by concluding that only final orders may be attacked via a petition for relief from judgment,

   (b)   the appellate court's decision is in conflict with other Illinois case law,

7

 (c) the trial court's detention order was a final order,

 (d) the detention order is void because the trial court lacked personal jurisdiction over petitioner where he was not served with a summons before the trial court issued the order,

 (e) the trial court's order finding probable cause is void because the hearing was not conducted within the required time frame.

(Doc. 16, Exh. M at 8-19). The Illinois Supreme Court denied this PLA on December 1, 2005. (Doc. 16, Exh. N).

12. Currently, petitioner is still in pre-trial detention, and has yet to be formally adjudicated as an SVP.

13. On December 1, 2006, petitioner filed his petition for a writ of habeas corpus in this Court, asserting the following claims:

 (I) petitioner's due process rights were violated because:

  (A) the State failed to establish personal jurisdiction over him due to its failure to properly serve him with a summons and commitment petition before it ordered him detained,

  (B) the SVP proceedings (to date) were in violation of Illinois law where the trial court:

   (1) held the initial detention hearing without petitioner being present,

   (2) did not require the commitment petition to contain sworn testimony or necessary facts,

   (3) failed to make the appropriate factual finding before detaining petitioner, and

   (4) did not hold a probable cause hearing within 72 hours of the State's filing of its commitment petition.

(Doc. 5 at 5-12).

8

14. Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, respondent has manually filed the following state court materials in this Court under separate cover, which are intended to supplement the previous exhibits filed by respondent in this matter, (*see* Doc. 16):

**Exh. P:** Terry Duke's Interlocutory Brief to the Appellate Court for the First District in *Duke v. State of Illinois*, No. 1-02-3885;

**Exh. Q:** Order in *Duke v. State of Illinois*, 1-02-3885 (Ill.App. 1st Dist. June 4, 2003);

**Exh. R:** Rule 306(a)(3) Petition for Leave to Appeal in *Duke v. State of Illinois*, 1-03-0147;

**Exh. S:** Amended Petition for Relief from Judgment in *In re the Detention of Terry Duke*, 02 MR 80003;

**Exh. T:** Brief of Respondent-Appellant Terry Duke in *In re the Detention of Terry Duke*, 1-04-1426;

**Exh. U:** Brief and Argument for Petitioner-Appellee in *In re the Detention of Terry Duke*, 1-04-1426; and

**Exh. V:** Reply Brief and Argument for Respondent-Appellant in *In re the Detention of Terry Duke*, 1-04-1426.

14. As more fully set forth below, respondent denies that petitioner is entitled to relief. Pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, upon respondent's filling of this Answer, the attendant exhibits, and any supplemental pleadings permitted by the Court, the petition should be denied.